Delashmutt, Ex'r *vs.* Thomas.

(Decided 16th June, 1876.)

JOHN DELASHMUTT, Executor of ARTHUR DELASHMUTT *vs.* DAVID THOMAS.

*Construction of an Agreement under Seal, to Lease.*

A written agreement under seal, for the lease of a store for a term certain at a fixed rent, contained the following words: "The said A. D. (the lessee,) to have the preference of renting said property so long thereafter as it shall be rented for a store." In an action for the breach of this stipulation in the contract, it was HELD:

That the stipulation was void and inoperative for uncertainty.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

Delashmutt, Ex'r *vs.* Thomas.

*Wm. P. Maulsby, Jr.*, and *Milton G. Urner*, for the appellant.

*Charles W. Ross* and *William J. Ross*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellant's testator, and is an action of covenant, upon a certain article of agreement under seal, made between the plaintiff and the appellee, and set out at length in the declaration. There was a demurrer to the declaration, which was sustained by the Circuit Court and judgment thereon entered for the defendant, from which this appeal was taken.

The only question presented by the record, is the sufficiency of the cause of action set out in the *narr.*

In the argument in this Court in support of the demurrer, the counsel for the appellee has relied upon certain alleged defects in the declaration, for the want of apt and proper averments in the statement of the plaintiff's case. These objections are some of them well taken, and we think the *narr.* is in many respects defective ; but without stopping to point out these defects, which might be cured by amendment, we propose to consider the main question whether the plaintiff has any right of action upon the particular covenant, the breach of which by the appellee, is alleged in the *narr.*, and which is in these words "*the said Arthur Delashmutt to have the preference of renting said property as long thereafter as it shall be rented as a store.*"

What is the effect of this stipulation? and what rights did they confer upon the lessee? It appears from the articles of agreement, that the appellee leased to Delashmutt his store room, &c., for the term of three years, at $180 per annum ; then follows the provision above stated ; after which it is stipulated that the lessor shall give three months notice, in case he should want the property at the

expiration of the three years, and the lessee on his part agrees to give quiet and peaceable possession at the expiration of the three years. The breach alleged is that the defendant gave the notice, and compelled the plaintiff to leave the property, and refused to give him the preference of renting the property for any longer period than three years, although it was for rent as a store after the expiration of said three years, and the defendant did actually rent it as a store after and from the termination of the plaintiff's said tenancy, and refused to rent the same to the plaintiff for any longer period than the said three years, notwithstanding it was afterwards rented as a store.

The appellant contends that the stipulation must be construed as a covenant to renew the lease and cites, *Rutgers vs. Hunter*, 6 *Johns. C. R.*, 215, and *Tracy vs. The Albany Exchange Co.*, 3 *Selden*, 472. In the former it was decided by Chancellor Kent that a covenant "*to renew the said lease* implied a renewal for the same term and the same rent;" and in 3 *Selden*, where the words were "*the party of the second part to have the refusal of the premises at the expiration of this lease, for three years longer*" it was held to be "a covenant to renew the lease for the same rent for such term."

The present case is not like either of those; here there is no covenant to renew the former lease, nor any stipulation whatever either as to the time for which the lessee might have the preference or privilege to rent; nor with regard to the rent to be paid. "A covenant to let the premises to the lessee at the expiration of the term without mentioning any price for which they are to be let * * * * is altogether void for uncertainty." *Taylor Land. & Ten.*, sec. 333.

Construing the contract in the most favorable way for the lessee, it left to the lessor the absolute right to fix the rate of rent, and the terms upon which he would let the property to the lessee after the expiration of the term.

Delashmutt, Ex'r *vs.* Thomas.

Such a contract was altogether vague and uncertain, and conferred no definite rights upon the lessee which he could enforce either in law or equity.

In *Abeel vs. Radcliff*, 13 *Johns.*, 297, it was held that "a covenant in a lease on the part of the lessor, to let the lot at the expiration of the term to the lessee, without mentioning any price for which it was to be let," is altogether void for uncertainty. We refer also to *Cluian vs. Cook*, 1 *Sch. & Lef.*, 22, "where the agreement being silent as to the term to be demised, the defendant was not bound to perform the contract."

In *Gelston vs. Sigmund*, 27 *Md.*, 335, it was decided that a contract on the part of the lessor "to let the tenant retain the possession from July 1st 1866 to July 1st 1867 upon his giving the lessor the same rent the latter might be able to obtain from other parties," was void for uncertainty and could not be enforced, and *Bromley vs. Jefferies*, 2 *Vern.*, 415, was cited.

These authorities are in our judgment conclusive of the present case.

Being of opinion that the stipulation in the contract set out in the *narr.*, the alleged breach of which is relied on as the cause of action, is void and inoperative for uncertainty, we concur in the ruling upon the demurrer and affirm the judgment.

*Judgment affirmed.*

(Decided 16th June, 1876.)