WILLIAM S. HOWARD v. GEORGE TOMICICH.

LANDLORD AND TENANT. *Lease. Term. "With privilege of longer."*
*Uncertainty. Evidence. Parol to explain.*
  The phrase "with privilege of longer," used in a lease for one year,
  is too indefinite to give the lessee a right to remain on the prem-
  ises after the expiration of the year; and parol testimony is inad-
  missible to explain the meaning of the words.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Tomicich, appellee, was plaintiff in the court below, How-
ard, appellant (doing business under the name of W. S.
Howard & Co.), was defendant there. The action was a pro-
ceeding to remove a tenant holding over, under code of 1892,
§ 2545. From a judgment in plaintiff's favor defendant ap-
pealed to the supreme court. The lease involved was in these
words:

               "Hazlehurst, Miss., Dec. 6th, 1900.

"This agreement, made and entered into on day and date above,
by and between C. Baas and W. S. Howard & Co., is in effect as
follows: Said C. Baas agrees on his part to lease to W. S. Howard
& Co. the brick store house now occupied by them, namely the dry
goods room and grounds belonging to said building, and in consid-
eration of said lease of said building and grounds, the said W. S.

Howard & Co. agree on their part to pay thirty dollars ($30.00) per month rent for said building and grounds.

"This contract to be and is in force from January 1st, 1901, to January 1st, 1902, with privilege of longer.

"Said C. Baas agrees on his part to keep a wagon way open to rear of said premises, and to keep all fences and necessary repairs around said building. Signed this 6th day of December, 1900.

"C. Bass,

"W. S. Howard & Co."

Other facts are stated in the opinion of the court.

*Robert B. Mayes*, for appellant.

The contract plainly says "'This contract to be and is in force from January 1, 1901, to January 1, 1902, with privilege of longer." There is no doubt but that there was a lease for one year from January 1, 1901. This is made certain by the terms of the contract. It is also equally certain that the lessee of the premises contracted for something more than the one year, else the stipulation "with privilege of longer" would not have been added. Now, it is perfectly certain that something more went to the lessee by the terms of the lease, and was contracted for by him, than merely the rental for one year, and if it is true that something more went to him than merely the lease for a year what was it, and is the contract a valid one?

The contract says "with privilege of longer." The privilege referred to must be the same privilege that the lessee then obtained by his lease, which was the privilege of renting the premises for the period of one year, at an annual rental of $30 per month. When the privilege is referred to it must be the privilege that the lessee has just obtained. "*Id certum est, quod certum reddi potest.*" By reference to the terms of this contract it is made absolutely certain that there was a lease for one year, and that was the privilege granted by express agreement. When the lessee contracted for "privilege of

longer," the privilege referred to was the same privilege that he was then enjoying, namely, the use of the property at $30 per month, for one year, therefore, by reference to the express terms of the contract, it is made absolutely certain what the lessee and lessor meant by the use of the words "with privilege of longer," and hence the contract is certain, based on valuable consideration, and therefore valid.

But it was urged on the trial below that a contract of this kind would be void for the want of mutuality. Such is not the case. When one contracts for premises for a year at a certain stipulated price, with a privilege of renewal for the same term and at the same price, such contract is a perfectly valid one. The consideration to the lessor is obtaining a renter and the amount to be paid as rent, and the consideration passing to the lessee, is the obtaining of the premises and additionally, the right to rent for another period of time. "Leases frequently contain a covenant on the part of the lessor to renew the lease on the expiration of the term demised, etc. Though the lessee is not bound to accept a renewal, the covenant by the lessor to renew is not unilateral or void for the want of mutuality." 18 Ency. Law (2d ed.), 685.

"The covenant to renew, in order to entitle the lessee to a renewal of the lease, need not contain a technical covenant by the lessor to renew. Thus a lease giving the lessee "privilege" of rerenting the premises, or the "refusal of rerenting the premises for another term, entitles the lessee to demand another term." 18 Ency. Law (2d ed.), 685.

"Where the covenant for renewal is merely to renew without stating further the terms of the renewal lease the law implies that it shall be upon the same terms as the original lease." 18 Ency. Law, 687.

"A covenant that the lessee shall have the refusal of the premises, at the expiration of the lease, for a specified term, is a covenant to renew the lease at the same rent for that term. It is violated by a refusal of the lessor, to renew the lease, ex-

cept at an increased rent." Taylor's Landl. and Ten. sec. 332.

Applying all the authorities cited above to the contract as it is before the court, it is manifest that the parties thereto intended a contract for one year certain, and the right given to the lessee herein for another if he chose to select it.

*R. N. Miller*, for appellee.

The words " with privilege of longer " are so indefinite and uncertain that they do not mean anything,. and are void as a covenant to renew. The term of the lease, as is seen from the contract, is expressly limited to one year, from January 1, 1901, to January 1, 1902, "with privilege of longer." Now, how much longer? Is it five minutes, or five months, or five years? And on what terms and for what price is this renewal "longer" to be made? The parties, under well settled rules of law, have reduced their agreement to writing, and cannot by parol add to it or take anything from it, and parol evidence is wholly inadmissible in its construction, except to explain a latent ambiguity. There being no latent ambiguity in this contract, parol evidence was wholly inadmissible. The words " with privilege of longer " present a case, of course, of patent ambiguity, and parol evidence must not be heard to add to it the length of the term of renewal, the price and other things necessary to make it a certain contract or covenant for renewal.

"If the covenant to renew be void for uncertainty it does not affect the lease." *Hart* v. *Hart*, 22 Barb., 606; *Stephens* .v. *Reynalds*, 6 N. Y., 454.

This covenant to renew is void for uncertainty and could not be helped by parol. *Bowers* v. *Andrews*, 52 Miss., 596; *Fisher* v. *Kuhn*, 54 Miss., 481; *Cogburn* v. *Hunt*, 54 Miss., 675; *Holmes* v. *Evans*, 48 Miss., 247; *McGuire* v. *Stevens*, 42 Miss., 725; *Allen* v. *Bennett*, 8 Smed. & M., 681; *Reynolds* v. *Davidson*, 34 Md., 662; *Lehman Bros.* v. *Howe*, 73 Ala., 302; *Jungerman* v. *Bovee*, 19 Cal., 355; *Sientes* v. *Odier*, 17 La. Ann., 153; *Hovey* v. *Newton*, 7· Pick., 29; *Alcorn* v.

*Morgan*, 77 Ind., 185; *Gardner* v. *Hazleton*, 121 Mass., 494; *Stephens* v. *Haskill*, 70 Me., 202; *Stewart* v. *Murray*, 13 Minn., 426; *Williams* v. *Glover*, 66 Ala., 189; *Burr* v. *Spencer*, 26 Conn., 163; *Werner* v. *Foorman*, 54 Ga., 128; *Bigelow* v. *Collamore*, 5 Cush., 227; *Murray* v. *Cherrington*, 99 Mass., 229; *Nave* v. *Verry*, 22 Ala., 383; *Burbank* v. *Dyer*, 54 Ind., 392; *Welshbillig* v. *Dienharty*, 65 Ind., 94; *Dutton* v. *Gerrish*, 55 Am. Dec., 45; *Brigham* v. *Rogers*, 17 Mass., 571; *Gray* v. *Gaff*, 8 Mo. App., 329; *Webster* v. *Clark*, 61 New Hamp., 36; *Naumberg* v. *Young*, 43 Am. Rep., 380; Geer on Landl. and Ten., sec. 75, and notes 1, 2 and 3; *Nail* v. *Chambersberg Woolen Co.*, 67 Am. St. Rep., 563; *Fast Line, etc. R. R. Co.* v. *Scott*, 12 Am. St. Rep., 758.

TERRAL, J., delivered the opinion of the court.

W. S. Howard & Co. leased of Baas, appellee's grantor, a storehouse in Hazlehurst for the year 1901 for $30 per month rent. The written contract specially provided that it should be of force from January 1, 1901, to January 1, 1902, "with privilege of longer." Tomicich having bought the premises of Baas, gave Howard & Co. due notice to terminate the tenancy; yet Howard & Co. declined to quit and deliver up the premises, contending that under the clause, "with privilege of longer," he was entitled to a new lease for the year 1902 at $30 per month rent. An action was brought under ch. 142, code 1892, to determine the rights of the parties. The question is whether a lease of premises for one year "with privilege of longer," secures to the lessee the right of renewal of the lease at his option. We think it does not. It is too vague and uncertain to constitute a binding covenant. In this writing the question is, what was the intention of the parties, or, more properly, the meaning of the words in the clause under consideration? and to give them, if we may, their legal effect. It is not permissible to take parol proof of the meaning of the parties, and, if we do so, it would not avail anything here; for

appellee has testified that in this clause he meant that appellant should have the preference of others for a new lease at whatever rental they could agree upon, whilst appellant swore that he meant to secure to himself the right to a second term of one year at the same rent. So the wisdom of the law excluding parol proof of intention is justified by the evidence on that point in this case. An unqualified covenant to renew a lease involves the making of a new lease of the same premises for the same period and at the same rent (Wood's Landl. and Ten., sec. 416), and a stipulation providing for a refusal of the premises for a fixed period gives a right to a new lease at the same rent (*Tracy* v. *Albany Ex. Co.*, 7 N. Y., 472; s.c., 57 Am. Dec., 538); but the covenant "with privilege of longer," has no certain meaning in regard to the term or the consideration of the lease. How much longer? Upon what conditions? Certainly the stipulation is uncertain in both respects.

*Affirmed.*