A. FREEBORN BROWN *v.* MICHAEL H. FAHEY.

[No. 33, April Term, 1929.]

*Decided May 24th, 1929.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Isaac Lobe Straus, Shirley Carter,* and *Bernard Carter & Sons,* for the appellant.

*Stevenson A. Williams* and *Thomas H. Robinson,* for the appellee.

URNER, J., delivered the opinion of the Court.

As finally amended, the declaration in this case alleged that the defendant, on or about March 6, 1923, agreed with the plaintiff that if he would cause to be incorporated the A. F. Brown Packing Corporation, with a capital stock of $50,000, and would transfer to it in exchange for its 500 shares of stock, of the par value of $100 per share, the valuable farm of the plaintiff in Harford County known as Swan Creek Farm, and the personal property thereon, including horses, mules, and farming implements, together with the cannery on the farm and the valuable Swan Creek Brand, established since 1880 in connection with the canning of tomatoes and corn, all being worth $50,000 or more, the farm to be conveyed to the corporation subject to a lien not exceeding $10,000, and if the plaintiff would then assign to the defendant four-sevenths of the capital stock of the

corporation, so that it would be subject to the defendant's control, in consideration thereof the plaintiff would be made and remain the president of the corporation and one of its three directors, and the defendant would personally furnish to the corporation the money necessary for the remodeling of the canning plant and for canning corn, tomatoes, peas and beans in such quantities as the business and orders should require, to the extent of 50,000 cases per season, so that the company would be able to market its product without having to borrow money or to sell its goods on a low market, and that the defendant would furnish to the corporation the money required in the course of its business to pay its outstanding obligations maturing from time to time, and would continue to do so until the company was in a financial condition to pay for canning the specified vegetables in the quantities stated without borrowing for that purpose; and that the corporation would employ a competent man, at such salary as should be necessary, to manage the plant. It was averred that the cost of remodeling the plant was approximately $40,000, and that the annual product of the company was about 50,000 cases, requiring an outlay of about $100,-000 per year, which approximate financial requirements were within the contemplation of the parties when they entered into the agreement. The declaration then alleged that the plaintiff, in performance of the contract, caused the A. F. Brown Packing Corporation to become duly incorporated with a capital stock of $50,000, divided into 500 shares at the par value of $100 each, and conveyed to it all the property real and personal heretofore mentioned, and received in payment therefor certificates for the 500 shares of the company's stock, and the plaintiff duly assigned to the defendant certificates for 286 of the shares, and has performed all of his obligations under the agreement, but that the defendant failed and refused to furnish the money necessary for the remodeling of the canning plant, although $40,-000 was spent by the corporation in 1923 for that purpose, and failed and refused to furnish the money needed to

finance its business, although it canned about 33,000 cases of its products in the season of 1923, 28,000 cases in 1924, and 45,000 cases in 1925, the products for the first and second of those years being disposed of profitably; and that the defendant provided personally only $25,000 for the financial needs of the company since its organization, in consequence whereof the company was obliged to borrow money from various banks at interest to meet its requirements, and was forced to sell its goods from time to time at low cost, with resulting loss to the corporation and to the plaintiff as one of its stockholders. It was charged, as further breaches of the agreement, that the defendant, by means of his stock control, voted the plaintiff out of the presidency and board of directors of the corporation, and caused himself to be elected its secretary and treasurer, and permitted a note due by the corporation to the American Can Company, for the sum of $8,829.99, to be protested on March 15th, 1926, for non-payment, and other debts incurred in the course of its business to remain long unpaid, whereby its credit was impaired, with the result that it was thrown into bankruptcy. The concluding allegations were that the defendant failed to have employed by the corporation a competent man to manage the canning plant, and it thus became necessary for the plaintiff, from the beginning of the company's business, to manage and superintend the canning plant, and its improvement, to the neglect of his law practice, for which services the corporation, under the control and direction of the defendant, refused to pay; and that the various alleged breaches of contract by the defendant have caused the plaintiff large pecuniary loss and damage.

The declaration, as originally filed, and as since changed into its present form by amendments twice allowed by the lower court, was opposed by successive demurrers, which were sustained. The ruling on the last demurrer was followed by a judgment for the defendant for costs, and from that judgment the plaintiff has appealed.

The question to be decided is whether the agreement stated in the declaration is sufficiently definite and certain to be

enforceable. In some important particulars it is obviously uncertain and indefinite. It omits to specify the period of time during which the defendant should use the voting power of his stock to keep the plaintiff in office as president and a director of the corporation, and to employ a competent manager. There is no provision as to the terms upon which $100,000 a year, if necessary, should be furnished by the defendant, to enable the company to finance the manufacture of 50,000 cans of its produce every season. The duty to make such advancements was to be contingent, both as to time and amount, upon the company's inability to conduct the indicated volume of business "without borrowing from banks or other lenders of money." As the defendant admittedly contributed $25,000, which was more than the value of the capital stock which he received, as measured by the estimated clear value of the assets transferred by the plaintiff to the corporation, the agreement in suit could not rationally be supposed to have intended that he should provide the large additional amounts needed for the remodeling of the plant and the financing of the enterprise without receiving any compensation for the use of the money or any security for its repayment. In the absence of any provision as to those essential details, there is no sufficiently definite basis upon which the defendant's asserted duty and liability to finance the corporation can be adjudicated. The principle of law applicable to the case is stated in *American Law Institute Restatement, Contracts,* sec. 32, as follows: "An offer must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performance to be rendered by each party are reasonably certain." It was said by this court in *Thomson v. Gortner,* 73 Md. 482; "The law is too well settled to admit of doubt, that in order to constitute a valid verbal or written agreement, the parties must express themselves in such terms that it can be ascertained to a reasonable degree of certainty what they mean. And if an agreement be so vague and indefinite that it is not possible to collect from it the full intention of the parties,

it is void; for neither the court nor the jury can make an agreement for the parties. Such a contract can neither be enforced in equity nor sued upon at law. It is hardly necessary to cite any of the numerous authorities that sustain this plain legal proposition. Our own decisions in *Delashmutt v. Thomas,* 45 Md. 140; *Gelston v. Sigmund,* 27 Md. 334; *Myers v. Forbes,* 24 Md. 598, and *Howard v. Carpenter,* 11 Md. 250, are quite sufficient." The same principle was stated in *Middendorf, Williams & Co. v. Milburn Co.,* 133 Md. 388, but the agreement in that case was found to be sufficiently definite. In none of the cases cited on behalf of the appellant were the terms of the agreement so incomplete or indefinite in material respects as the one involved in this suit. A decision as to the certainty and enforceability of a contract must depend in each instance upon the particular terms which it includes or omits. While it is a judicial duty to effectuate the purposes of a contract if its object is lawful and its meaning can be ascertained from its express terms or by fair implication (*Middendorf, Williams & Co. v. Milburn Co., supra*), yet we can have no doubt in this case that the agreement sued on is, in regard to the asserted liabilities, too uncertain to be enforced, and we therefore agree with the ruling of the lower court to that effect. In view of this conclusion, there is no occasion to pass upon other objections urged against the declaration, including the contention that the alleged contract is invalid because it sought to provide for acts and policies of a projected corporation.

*Judgment affirmed, with costs.*