Townsend, Appellant, vs. La Crosse Trailer Corpora-
tion, Respondent.*

*March 7—April 5, 1950.*

* Motion for rehearing denied, with $25 costs, on June 6, 1950.

610

611

The cause was submitted for the appellant on the briefs of *William J. Sauer* of La Crosse, and for the respondent on the brief of *Lees & Bunge* of La Crosse.

BROADFOOT, J.  The trial court entered a summary judgment on motion of the defendant for the reason that no issue of fact admissible under the law of the case was presented by the pleadings, affidavits, and the adverse examination of the plaintiff.  The court held that neither fraud, incapacity, nor mutual mistake was alleged in the pleadings or offered by way of affidavit or adverse examination.  The appellant con-

tends that the record presents several substantial triable issues of fact and that the summary judgment should not have been entered.

It is unnecessary to discuss any or all of these claimed issues of fact. The release was a general release of all claims to the date thereof, and in addition referred specifically to the stock contract or option agreement. Unless the release itself was procured by fraud it effectively disposed of all controversies between the parties.

The amended complaint does not allege that $205.50 was not one half of the book value of the common stock of the defendant on December 27, 1945, the date the option was exercised. The complaint does allege that the net worth of the company, if based upon the market value of all of its assets, was much in excess of the book value of the stock according to the books of said company. The latter figure was the proper one to be used under the terms of the option. The plaintiff in his adverse examination states that the letter from the La Crosse Trust Company, in which he was informed that the defendant had exercised its option to purchase his stock at $205.50 per share, was the only representation he had as to what the book value of the stock was. He stated that he had no conversations with officers of the defendant respecting book value. He further stated that he had no reason to believe that the book value of the stock was computed in any special way for the purpose of fixing the amount paid him for the stock, and that so far as he knew it was computed from the regular financial statement of the company at that time. There are no allegations of actionable fraud or misrepresentation in the record.

The appellant finally contends that the affidavits of the defendant for summary judgment are fatally defective in that none of them contained the wording of the statute "that there is no defense to the action or that the action has no merit" as required by sec. 270.635 (2), Stats. The record discloses

that this contention was not raised in the trial court. Questions not presented in the trial court cannot ordinarily be considered on appeal in this court. *Monroe County Finance Co. v. Thomas,* 243 Wis. 568, 11 N. W. (2d) 190. The contention, therefore, will not be considered here. No harm is done to the appellant thereby. Had the question been raised in the trial court, upon the undisputed facts in the record leave could and should have been granted to renew the motion upon affidavits containing the statutory language. *Fuller v. General A. F. & L. Assur. Corp.* 224 Wis. 603, 272 N. W. 839.

*By the Court.*—Judgment affirmed.