LINK WHOLESALE GROCERY, INC., Respondent, vs. KRAUSE and another, Appellants.

*May 2—June 6, 1950.*

The cause was submitted for the appellants on the brief of *McGowan, Geffs, Geffs & Block* of Janesville, and for the respondent on the brief of *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville.

FAIRCHILD, J. The trial court in its ruling follows the doctrine which is approved in this state, and according to the great weight of authority held that the option clause stipulated in the lease to be "of the considerations" is a part of the agreement to lease; and in his memorandum opinion said: "It [the option] is a part of the consideration and a part of

the inducement of the rental agreement." See *Fergen v. Lyons,* 162 Wis. 131, 155 N. W. 935.

However, the question arises as to whether the exercise by the plaintiff of the option is sufficiently unqualified to require the defendant to comply with its terms. In their notice to the.defendants, plaintiff's representatives do say that it is the intention "to exercise the option to purchase the property leased by them from you. . . ." But the plaintiff also in its letter, calculated to be the exercise of the option, requests that "you advise the writer of a date in the immediate future when you and your brother will be in a position to accept payment of said sum and execute a warranty deed and furnish a merchantable abstract of title to the property hereinafter described: The building and premises known as and located at 242 Sherwin avenue in the city of Beloit, Rock county, Wisconsin, which is presently occupied by the Link Wholesale Grocery, Inc." That paragraph, if capable of being held to require the defendants to deliver the premises by the execution of a warranty deed and a merchantable abstract of title to the building and to the land on which it stands, would be beyond the scope of the option. We are of the opinion that the plaintiff's proposal in its attempt to exercise its option requires more than defendants agreed to deliver. One to whom an offer to sell a building is made has not the right to impose additional terms and include additional property. The variation here is one sufficiently strong to permit the defendants to ignore the demand.

We consider the attempt to exercise the option, appearing in the complaint as not in compliance with the terms thereof, requires sustaining the demurrer, and we hold that the complaint is defective in that particular. *Northwestern Iron Co. v. Meade,* 21 Wis. *474; *Cram v. Long,* 154 Wis. 13, 142 N. W. 267.

*By the Court.*—Order reversed and cause remanded for further proceedings.