HALE, Respondent, v. LEE'S CLOTHIERS & JEWELERS, INC., Appellant.*

*November 28—December 22, 1967.*

* Motion for rehearing denied, with costs, on February 27, 1968.

For the appellant there was a brief by *Alvin H. Eisenberg,* attorney, and *Edwin A. Star* of counsel, both of Milwaukee, and oral argument by *Mr. Star.*

For the respondent there was a brief by *Barbee & Jacobson* and *Lloyd A. Barbee* and *Thomas M. Jacobson,* all of Milwaukee, and oral argument by *Thomas M. Jacobson.*

CURRIE, C. J. While other questions are raised by appellant-defendant, we find it only necessary to resolve these two issues:

(1) Is a defendant entitled to a summary judgment of dismissal, when he moves for summary judgment and files no supporting affidavit but relies solely on the verified pleadings?

(2) Is an order appealable, which denied a motion for review of an order denying a motion for summary judgment?

*Summary Judgment Issue.*

Sec. 270.635 (2), Stats., provides in part as follows:

"The [summary] judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth . . . if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

Defendant completely ignored the affidavit requirements of the statute and for this reason the trial court properly denied its motion for summary judgment.[1]

If defendant had filed an affidavit, which was defective in failing to state evidentiary facts or to aver that the action had no merit, defendant would have been entitled to leave to renew its motion upon affidavits which complied with the statute.[2] Inasmuch, however, that defendant filed no affidavit at all, he was not entitled to such leave as a matter of right.

By not filing any affidavit, defendant apparently took the position it was entitled to a judgment on the plead-

---

[1] *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. 2d 61, 65, 66, 87 N. W. 2d 875; *Fuller v. General Accident Fire & Life Assur. Corp.* (1937), 224 Wis. 603, 610, 272 N. W. 839.

[2] *Krause v. Western Casualty & Surety Co., supra,* footnote 1, at page 66; *Townsend v. La Crosse Trailer Corp.* (1950), 256 Wis. 609, 613, 614, 42 N. W. 2d 164; *Fuller v. Accident Fire & Life Assur. Corp., supra,* footnote 1, at page 611.

ings. However, a motion for summary judgment is not the same as, or analogous to, a motion for judgment on the pleadings.[3] Furthermore, an order denying a motion for judgment on the pleadings is not appealable.[4]

### Appealability of Second Order.

Defendant predicated its motion for review to the trial court on sec. 269.46 (3), Stats., which provides:

"All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof."

An order refusing to modify or vacate a previous order is not an appealable order. It is not a final order, within sec. 274.33 (1), Stats.,[5] because it does not prevent a judgment from which an appeal may be taken. Also, it is not an appealable nonfinal order within sec. 274.33 (3).[6] In *Smith v. Shawano County* [7] the court held that

---

[3] *Fuller v. Accident Fire & Life Assur. Corp.*, supra, footnote 1, at pages 611, 612.

[4] *St. Patrick's Congregation v. Home Ins. Co.* (1898), 101 Wis. 155, 76 N. W. 1125. *See also Szuska v. Milwaukee* (1961), 15 Wis. 2d 241, 244, 112 N. W. 2d 699; Comment, 1947 Wis. L. Rev., 422.

[5] "An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

[6] "When an order grants, refuses, continues or modifies a provisional remedy or grants, refuses, modifies or dissolves an injunction, sets aside or dismisses a writ of attachment, grants a new trial or sustains or overrules a demurrer, decides a question of jurisdiction, grants or denies a motion for stay of proceeding under s. 262.19, determines an issue submitted under s. 263.225, or denies an application for summary judgment, but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies or dissolves a provisional remedy or injunction."

[7] (1890), 77 Wis. 672, 47 N. W. 95.

an order denying a motion to modify findings of fact and conclusions of law was not an appealable order for the same reasons.

*By the Court.*—Order of February 20, 1967, affirmed; the appeal from the order of May 1, 1967, dismissed.