EDLEBECK, Respondent, v. BARNES and wife, Appellants.

*No. 328. Submitted under sec. (Rule) 251.54 March 6, 1974.—*
*Decided April 12, 1974.*
(Also reported in 216 N. W. 2d 551.)

The cause was submitted for the appellants on the brief of *D'Amato & Cusack* of Waukesha, and for the respondent on the brief of *deVries, Vlasak & Schallert* of Milwaukee.

BEILFUSS, J. When the affidavits and pleadings reveal there are disputed issues of material fact a motion for summary judgment must be denied. When the trial court is of the opinion that there are or may be material disputed facts or conflicting permissible inferences can arise from undisputed facts and denies a motion for summary judgment on that ground, this court, in a vast majority of those cases, will not interfere with the trial court's discretion. Likewise, when it reasonably appears doubtful to the trial court as to what law should apply, especially to complicated facts, an order denying a motion for summary judgment will not be reversed. However, in those cases where the material facts are not in dispute, no competing inferences can arise, and the law that resolves that issue is clear and overrides any other issues either factual or legal which may appear, then summary judgment should be granted.[1] We believe this to be such a case.

The option provides as follows:

"I, Charles R. Edlebeck, have option to purchase Lincoln Mobile Home Park, 10315 West Greenfield Avenue, West Allis, Wisconsin for a term of thirty days for a purchase price of $1,000,000.00; $150,000.00 cash down payment, and $850,000.00 on land contract for twenty years at 6% simple interest. Purchase price also includes

[1] *Fox v. Wand* (1971), 50 Wis. 2d 241, 184 N. W. 2d 81.

private land leased to the corporation. $1,000.00 down in earnest money and balance of $149,000.00 at closing.

Purchaser <u>Charles R. Edlebeck</u>   Sellers   <u>Einar Barnes</u>
Dated <u>6–21–72</u>                              <u>Eleanor Barnes</u>"

The defendants contend the provision of the option, which includes private land leased to the corporation, does not comply with the statute of frauds and invalidates the entire option. The statute of frauds, insofar as it applies to the issues in this action, appears in chs. 240 and 706, Stats. 1971.

In *Wadsworth v. Moe* (1972), 53 Wis. 2d 620, 623, 193 N. W. 2d 645, we stated:

"An option to purchase real estate which does not conform to the statute of frauds is void and a nullity."

Among several formal requisites required are the following appearing in sec. 706.02, Stats.:

"**Formal requisites.** (1) Transactions under s. 706.01 (1) shall not be valid unless evidenced by a conveyance which:
". . .
"(b)  Identifies the land; and
"(c)  Identifies the interest conveyed, and any material term, condition, reservation, exception or contingency upon which the interest is to arise, continue or be extinguished, limited or encumbered."

Standing alone, the provision for the assignment of the leases does not comply with the statute. There is no identification as to who the lessors are, no description of any kind of the property leased, no indication of the duration of the leases nor any identification of the "corporation."

However, the plaintiff Edlebeck cites sec. 706.01 (6), Stats., which provides: "This chapter shall be liberally construed, in cases of conflict or ambiguity, so as to effectuate the intentions of parties who have acted in good faith"; and sec. 706.04, which provides in part: "A

transaction which does not satisfy one or more of the requirements of s. 706.02 may be enforceable in whole or in part under doctrines of equity, provided all of the elements of the transaction are clearly and satisfactorily proved and, in addition: . . ." statutorily designated equitable rights are established.

Reading the option as a whole, it can be said the provision for assignment of leases is at least ambiguous.

A general rule used in construing conveyance instruments as to whether they comply with the statute of frauds is to determine if there is ambiguity or uncertainty as to some of the essential elements of the documents. If so, extrinsic evidence may be resorted to in order to determine what was the real agreement or intention of the parties. However, the document itself must provide some foundation, link or key to the extrinsic evidence.[2]

If this was the only issue before us we would, without hesitation, affirm the trial court's order denying the motion for summary judgment.

We believe the controlling issue to be the manner in which the plaintiff attempted to exercise the option.

From the affidavits filed in opposition to the motion for summary judgment, it appears there may have been some oral conversations between the parties as to how the option was to be exercised. However, because there was no agreement, those oral statements cannot be used to vary the terms of the option.

On July 21, 1972, the last day the option could be exercised by the plaintiff Edlebeck, he tendered to the defendants a written offer to purchase which the defendants refused to accept or sign. This offer to purchase is on a Wisconsin real estate dealer's form and is extensive in its provisions. At least two of the provisions inserted in the form are entirely different than those of the option and in our opinion constitute a fatal variance.

---

[2] *See Wisconsin Central Ry. Co. v. Schug* (1914), 155 Wis. 563, 145 N. W. 177; *Wadsworth v. Moe, supra.*

The option provides that $850,000 was to be paid pursuant to a land contract—the offer to purchase provides the $850,000 is to be paid pursuant to a note and mortgage. The option further provides the $150,000 (less the $1,000 paid at the time the option was given) was to be a "cash down payment"—the offer to purchase provides the $150,000 was:

"II   Subject further to buyer obtaining a loan in the sum of $100,000.00 from a bank of buyers choice to be secured by a second mortgage upon said premises for a term of 5 years amortized monthly with interest thereon at 8% per annum."

This second provision was not only a substantial variance in the terms of payment but more importantly, in effect, unilaterally extended the time in which the plaintiff Edlebeck could exercise the option.

In our opinion the offer did not comply with material terms of the option. The defendants did not accept the offer to purchase and the time to exercise the option expired and extinguished the rights of the buyer Edlebeck.[3]

The plaintiff Edlebeck, in his motion in opposition to the motion for summary judgment, asserts the only reason the defendants did not accept the offer to purchase was that they were not sure of their tax consequences. The reason the defendants did not accept the offer to purchase is immaterial and oral testimony cannot be used to shore up the plaintiff's failure to comply with the terms of the option within the time limit provided.

Under the undisputed material facts the buyer, the plaintiff Edlebeck, did not comply with the terms of the option. As a matter of law any rights he had thereunder were extinguished. The defendants have established a

[3] *See Link Wholesale Grocery, Inc. v. Krause* (1950), 257 Wis. 207, 43 N. W. 2d 25; *Hess v. Holt Lumber Co.* (1921), 175 Wis. 451, 185 N. W. 522; 1 Williston, *Contracts* (3d ed. 1957), pp. 164, 165, sec. 51; Restatement, 1 *Contracts*, p. 45, sec. 38.

right to an order for summary judgment dismissing the complaint.

The plaintiff Edlebeck also asserts that the defendants cannot be awarded a summary judgment because of their failure to comply with the summary judgment statute [4] in that they did not allege in their supporting affidavits "that the action has no merit." [5]

In the *Krause Case, supra,* we stated at page 66:

"However, in both *Fuller v. General A. F. & L. Assur. Corp., supra,* and the later case of *Townsend v. La Crosse Trailer Corp.* (1950), 256 Wis. 609, 42 N. W. (2d) 164, it was held that, where the affidavits filed by the defendant in support of a motion for summary judgment are defective in failing to state evidentiary facts and to aver that the action has no merit, such defendant should be granted leave to renew the motion upon affidavits which comply with the statute. It is for this reason that we deem it our duty to pass upon the second ground upon which the trial court denied summary judgment, . . ." [6]

In this case where the ruling on the motion turns upon undisputed documentary facts and a question of law, the statement of a belief of no merit has very little meaningful purpose and upon remand the defendants should be afforded the opportunity to renew their motion with a supplementary affidavit to comply with the statute.

*By the Court.*—Order reversed and remanded for further proceedings consistent with this opinion.

[4] Sec. 270.635 (2), Stats.

[5] *Szuszka v. Milwaukee* (1961), 15 Wis. 2d 241, 112 N. W. 2d 699; *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. 2d 61, 87 N. W. 2d 875.

[6] *See also: Hale v. Lee's Clothiers & Jewelers, Inc.* (1967), 37 Wis. 2d 269, 273, 155 N. W. 2d 51.