## JAMISON *vs.* GJEMENSON.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard September 20, 1859.]          [Decided January 4, 1860.

### *Mortgage—Priority.*

Where an agent of the plaintiff had his mortgage in possession and at the same time made a negotiation to borrow money to extinguish a prior and paramount mortgage which he did by making another mortgage, which, with the satisfaction of

the prior mortgage, are placed on record before the mortgage of the plaintiff : Held, that the possession and knowledge of the agent is not knowledge to the mortgagee, who advanced the money to extinguish the prior mortgage, of the existence of the mortgage in the hands of the agent, and the plaintiff does not thereby become a prior mortgagee.

A subsequent incumbrancer cannot object to a judgment entered by foreclosure against his vendor, that it was improperly entered, unless he also show that the premises will not on a sale be sufficient to pay the judgment as rendered and the subsequent incumbrance.

This was an action commenced by John M. Jamison, against Toleff Gjemenson, impleaded with Stark Larson and his wife, to foreclose a bond and mortgage made by Larson to secure the payment to Jamison of $1,500, with interest semi-annually, and conditioned that if the interest was not paid when due, the whole might become due at the option of the mortgagee. The interest due December 1, 1857, was not paid, and suit was commenced for the whole sum. The mortgage was dated July 1, 1857, acknowledged on the 30th, and recorded the 31st of July. The principal was to become due, except for the option, July 1st, 1862. Gjemenson was made a party as a subsequent incumbrancer; and in his answer he set up that he claimed by a prior mortgage, dated May 26, 1857, made by Larson for $400; and that he should be first paid. The issue was referred to a referree, who reported as facts : "That Jacob H. Preus was the agent of Stark Larson, for the purpose of negotiating the loan for which the mortgage, held by the plaintiff, was given, and for the purpose of attending to the necessary business connected therewith.

Hasbrouck & Gurnee were the agents of the plaintiff Jamison, for the purpose of effecting the loan of fifteen hundred dollars, for which the mortgage now sought to be foreclosed was taken, and to see that proper securities were taken therefor. Jacob H. Preus took the plaintiff's bond and mortgage before execution from Hasbrouck & Gurnee, and took them to the residence of Stark Larson, caused them to be executed, and returned them to Hasbrouck & Gurnee, July 31st, 1857, having at the same time the mortgage of the defendant Gjemenson, referred to in his answer, in his possession, unrecorded.

The consideration of the plaintiff's mortgage was the satisfaction of another and prior mortgage, given by the defendants, Stark Larson and wife, upon the same premises de-

scribed in the plaintiff's mortgage to Kjorstel Gunderson, and by said Kjorstel Gunderson assigned to Wm. C. Hasbrouck, who was the owner thereof at the time the same was satisfied.

At the same time that the plaintiff's mortgage from Stark Larson was recorded in the office of' the register of deeds for Dane county, the satisfaction of the. mortgage owned by Wm. C. Hasbrouck, was recorded in the same office.

The defendant Gjemenson's mortgage covers the same premises as the plaintiff's mortgage. It bears date May 26, 1857, was acknowledged on the day of the date, and recorded July 31, 1857, at 4 o'clock P. M. '

Hasbrouck & Gurnee were the agents of Wm. C. Hasbrouck. They had in their possession the satisfaction of the mortgage owned by Wm. C. Hasbrouck, and put it upon record.

They also had in their possession the $1,500 belonging to the plaintiff, and were to deliver it to Wm. C. Hasbrouck upon the execution and delivery of the mortgage of the plaintiff, and upon the recording of the satisfaction of the mortgage owned by Wm. C. Hasbrouck.

Wm. C. Hasbrouck resides in the state of New York. The $1,500 was not remitted to him at the time the defendant Gjemenson's mortgage was put upon record. It was remitted to him within two or three days from the time his mortgage was satisfied of record, and before the plaintiff or his agents, or either of them, had actual notice of the existence of the defendant Gjemenson's mortgage.

Preus was not the agent of the plaintiff Jamison for any purpose. Preus was informed of the existence of the defendant Gjemenson's mortgage before he delivered the mortgage of the plaintiff to his agents, Hasbrouck & Gurnee.

I find due from the defendant, Stark Larson, to the plaintiff, upon the bond and mortgage, the sum of $1,770.

As a conclusion of law, I find that the defendant Gjemenson's lien or incumbrance upon said mortgaged premises accrued subsequently to the lien of the mortgage of the plaintiff."

Upon this report judgment was entered against the defendant's for the sale of the mortgaged. premises; from which Gjemenson appealed to this court.

*J. C. Hopkins,* for the appellant.

*Hasbrouck & Gurnee,* for the respondent.

*By the Court*, PAINE, J.   We think the judgment in this case must be affirmed.   It is very clear from the evidence that Preus acted as the agent of Larson, and not of the plaintiff, or of Hasbrouck & Gurnee.   His knowledge, therefore, was no notice to them.

We think it very clear, also, that the plaintiff's mortgage was entitled to priority.   Hasbrouck & Gurnee were agents both of the plaintiff and of Wm. C. Hasbrouck.   As agents of the plaintiff they had his money to loan; as agents of Wm. C. Hasbrouck they had the prior mortgage for collection.   Instead, therefore, of handing the plaintiff's money over to Larson, on the loan for which this mortgage was given, and then taking it back from Larson in payment of the mortgage of Wm. C. Hasbrouck, they had him execute this mortgage and deliver it, and they put on record, at the same time, a satisfaction of the mortgage of Wm. C. Hasbrouck.   They then held the money for Hasbrouck.   And even though they received notice of Gjemanson's mortgage before it was remitted to him, this does not bring it within the rule of notice before payment of the purchase money. The purchase money was paid to Larson by the satisfaction of Hasbrouck's mortgage.   That could not be recalled ; and the transaction was substantially the same as though the money had been paid to Larson on the loan, and then paid back by him to the agents of Wm. C. Hasbrouck, to take up his mortgage.   It was Hasbrouck's money, and the entire consideration as between the plaintiff and Larson had been paid.

As to the judgment drawing interest at twelve per cent., and the question whether the plaintiff gave notice of his election to have the whole sum become due; we think the appellant has not shown any right to raise any question as to them.   We held at the present term, in the case of *Boyd vs. Sumner and the Bank of Milwaukee et al., supra,* 41,

that a subsequent incumbrancer could not raise the question whether the stipulation in a prior incumbrance was for a penalty or valid interest, without offering some proof to show that the premises might not, on sale, be sufficient to pay the judgment as rendered, and the subsequent incumbrancer. If they would clearly be sufficient to pay both, the subsequent incumbrancer would not be aggrieved by the judgment. And the only effect of reversing it at his suggestion would be to benefit a party who had not appealed. We think the same rule applicable here. There is no proof to show that the premises are not sufficient to pay the judgment as it stands, and also the appellant's mortgage. If they are sufficient, he has no right to raise questions between other parties who are satisfied with the judgment, and the decision of which either way, cannot affect his interest. We think the burden is on the party appealing, to make it apparent that he may be aggrieved by the decision to which he objects.

The judgment is affirmed with costs.