## HURST, RECEIVER, *v.* HUNLEY.

[No. 11,711.   Filed December 4, 1923.   Rehearing denied March 11, 1924.]

1. RECEIVERS.—*Employment of Receiver.—Validity.—Public Policy.*—The employment of the receiver of a coal mine by the superintendent thereof to work in the mine is not contrary to public policy, and where the business has received the benefits of his labor, it should respond to him or his dependents in the same manner as it would if he had not been receiver. p. 205.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Employes.—Receiver of Corporation.*—Where the receiver of a coal

mine, being without practical knowledge of the business part of operating a mine, employs a superintendent to conduct such business, such superintendent may employ the receiver to work in the mine, and, if accidentally injured, he or his dependents are entitled to compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l et seq. Burns' Supp. 1921). p. 205.

3. MASTER AND SERVANT.—Workmen's Compensation Act.—Employe.—The word "employe" in the Workmen's Compensation Act (Acts 1915 p. 392, §76, §8020h3 Burns' Supp. 1921) should be construed liberally, to the end that in doubtful cases, an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the act.   p. 206.

4. MASTER AND SERVANT.—Workmen's Compensation Act.—Employe.—Industrial Board to Determine.—Whether the receiver of a coal mine, employed to work therein by the superintendent, is an "employe" within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §76, §8020h3 Burns'. Supp. 1921) is a question of fact to be determined by the Industrial Board.   p. 207.

From the Industrial Board of Indiana.   Proceedings under the Workmen's Compensation Act by Martha Hunley against George A. Hurst, Receiver.   From an award for claimant, the defendant appeals.   *Affirmed.*

*Charles E. Henderson* and *Clarence C. Wysong,* for appellant.

*Ely & Corn,* for appellee.

McMAHAN, J.—William H. Hunley was appointed receiver of the Muren Coal Company by the Pike Circuit Court.   At and prior to his appointment as receiver he was an employe of the coal company.   After being appointed receiver, he filed a petition with the court stating, in substance, that the mines owned by the company were not being operated, were deteriorating in value, and asking leave of the court to operate such mines.   This petition was granted and, as such receiver, he employed the former manager of said mines as general manager for him.   This general manager later employed Mr. Hunley to work as "top-boss," that

being the same work which he had been doing for five or six years, immediately prior to his appointment as receiver. While performing his work as top-boss, he received an injury which resulted in instantaneous death. Appellee is his widow and, on her application, the Industrial Board made an award of death benefits.

Appellant was appointed receiver to succeed Mr. Hunley and, as such, is prosecuting this appeal and contends that the award is contrary to law, his contention being that Mr. Hunley was not an employe at the time of his death within the terms of the Workmen's Compensation Act. (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921.)

The deceased qualified and continued to act as receiver from the time of his appointment in August, 1922, up to the time of his death September 20, 1922. He acted as top-boss from September 1 to his death, and was paid wages as such at the rate of $93\frac{3}{4}$ cents an hour. Appellant insists that Mr. Hunley was not an employe of the coal company, or of himself as receiver, but that he was an agent of the court and director of the operation of the mines and, as such, could not be an employe so as to be entitled to an award under the Workmen's Compensation Act (*supra*).

The evidence is sufficient to sustain the finding that the deceased's death was the result of an injury which arose out of and in the course of his duties as mine boss under his engagement with the general manager, and, if the fact that he was at that time the receiver of the company does not prevent him from being an employe, the award should be affirmed.

It is clear that the work which the decedent was performing as top-boss, was not work that he was required to do, or that he was doing, as receiver. He was 1, 2. doing this particular work under the arrangement and agreement of employment between him

and the general manager. Under his employment as top-boss, he was required to and did perform manual labor for which he was paid wages, his name being carried on the time-book, along with and the same as the names of other employes performing manual labor.

In *Mayor* v. *Muzzy* (1875), 33 Mich. 61, 20 Am. Rep. 670, where the mayor of a city was, by virtue of that office, a member of the city council, and where the city council under a resolution employed the mayor, he being an attorney, to defend an action against the city, it was contended that being mayor and councilman he ought not to be paid for his services as attorney. The court held otherwise, saying: "Neither his duty as mayor, or as councilman, or as both, included any such service. He was no more required, in consequence of his official position, to employ his time and talents as counselor at law in conducting a suit brought against the city, than he was to pay the debts of the city out of his own private funds." So here Hunley was under no more obligation to do the work of a top-boss, than he was to pay the debts of the coal company out of his private funds. The work which he performed as top-boss was not performed as receiver and was not a duty incumbent upon him as receiver. It was independent of and not incidental to any such duty. The employment of Hunley by the superintendent was not against public policy, and the industry having received the benefits of his labor should respond to him or his dependents in the same manner as it would if he had not been receiver, or if another person had been injured while performing the duties of top-boss.

Where a receiver of a coal mining corporation being without practical knowledge of the business employs a superintendent to conduct such business such su-

3. perintendent has authority to employ laborers necessary in the operation of that company's

mines. As was said in *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839, this court is committed to the proposition that in construing the legislative definition of "employes" a measure of liberality should be indulged in, to the end that in doubtful cases an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the compensation plan. Neither should those entrusted with the administration of the compensation law be wholly unmindful of the interest of the public therein.

The case of *In re Raynes* (1917), 66 Ind. App. 321, is instructive upon the question now under consideration. In that case, Raynes was one of the three stockholders who constituted the board of directors. He was also secretary-treasurer of the corporation and, in addition to performing the regular duties of that office, he served as buyer for the company, as salesman in the store and as collector of accounts. While performing the duties of collector, he received an injury. The court, after discussing the various definitions of "employe," held that the fact that he was an officer of the corporation did not exclude him from the class designated as employes. Referring to the president or other executive or managing officer of a corporation, it was said such an officer might serve in the dual capacity of officer and also as a workman; that such an officer might be hired in fact to perform manual labor in connection with other employes and measure up in all respects to the conception of an employe within the meaning of the Workmen's Compensation Act; that the question as to whether Raynes was an employe was a question of fact for the Industrial Board. On the same principle, and for the same reasons, we hold that,

4. under the evidence in this case, it was for the Industrial Board to find, as a fact, whether Hunley while acting as top-boss and performing manual

labor was an employe. The board found that he was and we will not disturb that finding. There is no greater or better reason for holding that the members of the board of directors may act in the dual capacity of employers and employes, as was the effect of the holding in *In re Raynes, supra,* than there is in holding that Hunley while engaged in the performance of his duties as top-boss was an employe.

It has been held that a partnership is a distinct legal entity, different and distinct from the individuals composing it. *Johnson* v. *Shirley* (1899), 152 Ind. 453; *Henry* v. *Anderson* (1881), 77 Ind. 361. And in *Ohio Drilling Co.* v. *State Industrial Commission* (1922), 86 Okla. 139, 207 Pac. 314, 25 A. L. R. 367, it was held that, where a partnership was composed of four members, who were the sole employes of such partnership in carrying on its business, and one of them happened to be accidentally injured under such circumstance that would have entitled an employe who was not a member of the partnership to compensation, such injured partner would be entitled to compensation.

The award is affirmed.