WERNER, Respondent, vs. INDUSTRIAL COMMISSION and others, Appellants.

*May 10—June 6, 1933.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellant town of Weston there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod*.

For the respondent there was a brief by *Bundy & Bundy* of Menomonie, and oral argument by *W. H. Bundy* and *R. E. Bundy*.

ROSENBERRY, C. J.   There is practically no dispute in the evidence.   Questions of law are presented by the appeal. Sec. 102.07, Stats., defines "employee."   The plaintiff claimant cannot be an employee within the meaning of sub. (4) of sec. 102.07 for the reason that he is a public officer and cannot have an interest in any contract of hire with the municipality of which he is an officer.   *Henry v. Dolen,* 186 Wis. 622, 203 N. W. 369.   Sec. 102.07 (1), Stats. 1929, defines "employee" as follows:

"Every person in the service of the state, or of any county, city, town, village, or school district therein under any appointment, or contract of hire, express or implied, oral or written" (except officials).

Under this clause the plaintiff claimant would certainly not be within the terms of the act, he being an official.   The second clause of the subsection, however, provides that no officer of the state who is subject to the direction and control of a superior officer, and, except as provided in sub. (2) (relating to police officers), no officer of any municipality who is subject to the direction and control of a superior officer thereof while engaged in the performance of duties for which his only remuneration is received from the state or from such municipality, shall be deemed an official.   This is in the nature of an exception to the provisions of the first clause of sub. (1).   A person though an official may be within the act if he is subject to the direction and control of a superior officer of the municipality in whose service he is engaged.   It is the contention of the plaintiff claimant

that the town board was his superior officer within the meaning of this statute. Sec. 60.29 provides in part:

"The supervisors of each town shall constitute a board to be designated the 'Town Board of ——,' any two of whom shall constitute a quorum. . . ."

Sec. 60.19 provides:

"At the annual town meeting there shall be elected in each town the following officers, viz.: three supervisors, one of whom shall be designated on the ballots as chairman. . . ."

The plaintiff claimant argues as follows:

"Construing these two sections together, we find that the town board consists of three officers, any two of whom, when acting together, have the power and authority to direct such activities as are given to them by statute and are therefore superior officers."

Just how the officers who compose a board can be superior to themselves is very difficult to understand.

Sec. 81.01 provides in part:

"The town boards shall have the care and supervision of all highways and bridges in their respective towns, except as otherwise provided."

That it is within the power of the town board to charge one of their number with the duty of carrying out the directions of the board would seem to be plain. However, when he acts, he acts not as an employee but as an official. The town board is not his superior in the sense in which that term is used in the statute. If it were, as a member of the town board he would be superior to himself as a member of the town board supervising the work. It is considered that the statute is intended to apply to cases where persons who may be in the technical sense officials, who are nevertheless required to perform such services as ordinarily performed by employees in the performance of which they are subject to the direction and control of some superior officer.

These conditions do not appear under the facts of this case and a town supervisor is not within the terms of the workmen's compensation act.

It is next contended by the plaintiff claimant that the town board of the defendant town having procured a policy of insurance which, as the commission found, was undoubtedly intended to apply to town supervisors as well as to employees, the defendant town and its insurance carrier are estopped to deny that Werner was an employee.

Sec. 102.31 in part provides:

"Such contract (of insurance) shall be construed to grant full coverage of all liability of the assured under and according to the provisions of the act, notwithstanding any agreement of the parties to the contrary unless," etc.

In a controversy between the employer and the insurer respecting the coverage of the policy, the fact that the insured has claimed and seeks indemnity on a basis which includes the wages of the injured person may form some ground of estoppel as to the insurer. *Columbia Casualty Co. v. Industrial Comm.* 200 Wis. 8, 227 N. W. 292. It is hardly necessary to call attention to the fact that towns are quasi-municipal corporations with very limited powers. *Mulvaney v. Armstrong*, 168 Wis. 476, 170 N. W. 652. In the absence of statutory authority, town officers cannot impose liability upon a town by acts which as to private persons might operate as an estoppel. *Beyer v. Town of Crandon*, 98 Wis. 306, 73 N. W. 771.

The legislature has seen fit to determine to what extent towns shall be liable under the workmen's compensation act and town officers have no power to enlarge the liability of the town in excess of that imposed by the statute. Estoppel is an equitable doctrine. Town officers cannot impose liability either in law or in equity by acts in excess of the authority which the statutes confer upon them. By sec. 102.31 the liability of the insurance carrier is coextensive

with liability of the employer under the statute, but the section does not make the insurance carrier liable when the employer is not liable. In a case where the insured is liable, proof of the payroll upon which the premium is based may be material, but where there is no liability upon the insured employer it is wholly immaterial.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to affirm the determination of the commission.