VAN DE YACHT and another, Respondents, vs. TOWN OF HOLLAND, Appellant.

*February 5—March 5, 1935.*

For the appellant there was a brief by *Clifford & Dilweg* of Green Bay, and oral argument by *La Vern Dilweg*.

For the respondents there was a brief by *Fox & Fox* of Chilton, and oral argument by *L. P. Fox*.

FAIRCHILD, J.   Upon an appeal from a judgment there may be a review of an intermediate order which involves the merits and necessarily affects the judgment.   This review may be had without a bill of exceptions if the alleged error appears upon the face of the record.   Sec. 274.34, Stats.   An order overruling a demurrer is such an order.   On this appeal, if the complaint does not disclose a cause of action or set forth facts which show a cause of action may exist, a judgment cannot follow.   A cause of action must exist. There must be a primary right possessed by the plaintiff, a corresponding primary duty devolving upon the defendant, a breach of such right and duty, in order that a judgment may have a foundation in fact and in law.

The distinction between a complaint which defectively states a good cause of action, and one which states no cause

of action at all, is well recognized. In the first situation, while the complaint as it stands may be so defective by reason of its omissions as to be subject to a general demurrer, it may be cured by the admission, without opposition, of evidence supplying the defects. In an appeal from a judgment in favor of plaintiff upon such a complaint, unaccompanied by a bill of exceptions, the court will presume that the defect has been remedied by the evidence or by amendment of complaint, or both. Pomeroy, Code Remedies, § 444. In such case it is sometimes said there is a waiver of the defect in the complaint. It perhaps is more accurate to say that this court has no means of ascertaining that the defect has not been cured and, reassured by the judgment below, will presume that the complaint has been perfected.

There is a class of cases, however, where the defect in the complaint is not the result of the mere omission of an essential allegation, but a complete failure to state any cause of action at all. An illustration of this class is a case where the complaint on its face discloses that the contract sued upon was illegal, contrary to public policy, and wholly void. In such an instance, a mere examination of the complaint discloses to the court that the complaint is incapable of amendment or aider by evidence and that no judgment can be predicated upon it. In *Armstrong v. Gibson,* 31 Wis. 61, a general demurrer was interposed to the complaint and overruled by the circuit court. The order overruling the demurrer was not appealed from and the attack upon it was not made except in the appeal from the judgment. There was a claim that the order overruling the demurrer was *res adjudicata* on the question of the sufficiency of the complaint, and that, the allegations of the complaint being all proved, the circuit court should have given judgment, even though the complaint stated no cause of action and the decision on the demurrer was erroneous. It was said at page 67 :

"We know of no process by which a court can bind itself to give the plaintiff a judgment when his complaint does not

state facts sufficient to constitute a cause of action. This is an objection which, like an objection to the jurisdiction of the court, may be made at any time during the progress of the trial. It is not, as in most other cases of defective complaints, waived by the failure of the defendant to take the objection by demurrer or answer. R. S., chap. 125, sec. 9. Besides, we are inclined to the opinion that the order overruling the demurrer is within sec. 6, ch. 264, Laws of 1860, which provides that 'upon an appeal from a judgment, the supreme court may review an intermediate order involving the merits and necessarily affecting the judgment.' "

Some declarations or statements in the pleading may disclose the complete lack of essential elements of a cause of action. Some may inadvertently be so defectively stated as to be incomplete, yet carry by implication the information which the opposing party should have. The first can be of no service to the pleader. The second is capable of repair and of full service. Under certain circumstances a ruling on a demurrer sustaining a complaint may gather strength from subsequent proceedings. *Bigelow v. Washburn,* 98 Wis. 553, 74 N. W. 362; *Joachim v. Madison Dental Clinic,* 216 Wis. 261, 257 N. W. 143; Clark, Code Pleading, p. 367; Bliss, Code Pleading (3d ed.), § 438. In such a case this court, in deference to the judgment of the circuit court and in the absence of a bill of exceptions, will be controlled by all reasonable presumptions in favor of the decision thus attacked on appeal from the judgment.

Were the complaint in this case one lacking in some formality, or in an allegation of fact readily understood 'to exist or showing a defect which could properly be considered as waived if not challenged, in order to sustain the judgment it would be necessary to consider and distinguish some cases which may be authority for a contrary doctrine, such as *Harris v. Harris,* 10 Wis. 411, * 467; *State v. Citizens' Ins. Co.* 71 Wis. 411, 37 N. W. 348. We do not treat the matter further because the complaint now before us shows that the agreement on which plaintiffs rely cannot be considered as a

contract because it is illegal, contrary to public policy, and void. A reading of it shows it to run counter to prescribed rules laid down in the law of town management for the protection of the taxpayers generally and to prevent favoritism to a few at the expense of others. The attempted disposition of the taxes in reimbursing respondents for expenditures for which they have no legal right to recover, is contrary to the performance of the proper functions of town government. *Oneida County v. Tibbits,* 125 Wis. 9, 102 N. W. 897. Whatever the reason may have been for respondents desiring a broader strip of concrete immediately in front of their places of business than existed elsewhere along the highway, the expense of laying it cannot be visited upon the town in general. There could be no effective approval of it by the town; there was no attempted consideration of it by the town meeting. The powers of a town meeting and the duties and powers of a town board are fixed by statute, and the arrangement here entered into by the town board was unauthorized. It does not lie within the limits of the powers fixed by law which outline the duties of the town board. Ch. 60, Stats.; *McGowan v. Paul,* 141 Wis. 388, 123 N. W. 253; *Mulvaney v. Armstrong,* 168 Wis. 476, 170 N. W. 652; *Werner v. Industrial Comm.* 212 Wis. 76, 248 N. W. 793; *Oneida County v. Tibbits, supra.*

Another objection to the validity of the action of the town board is also present. For some reason the town board did not care to contract directly for the laying of the concrete in front of plaintiffs' places of business. It delegated the whole matter to the individuals interested. This course may have been followed by the town board for reasons appealing to them as good, but the proceeding does not have legal sanction. They accepted respondents' offer to pay for the construction with an understanding that respondents would be reimbursed by the town in instalments equal to their yearly road tax. The work evidently would not have been done had

the town board performed its duties according to law, and but for the inducement coming from the ones to be favored, the contract would not have been made. The procedure is against public policy. *Shelby v. Miller,* 114 Wis. 660, 91 N. W. 86; *State ex rel. Dosch v. Ryan,* 127 Wis. 599, 106 N. W. 1093; *McMillan v. Fond du Lac,* 139 Wis. 367, 120 N. W. 240. In the *Shelby Case* it was said:

"Private contracts with officials by which they surrender the performance of official duty to others, or allow the judgment of others to be substituted for their own in the performance of such duty, are void on grounds of public policy; that courts cannot be resorted to for the purpose of enforcing them."

In the *Dosch Case, supra,* it was observed that if private individuals with special interests were allowed to bargain with public officers who are exercising important power to offer inducements of any kind tending to influence their free action, the interests of the public would at once be in jeopardy. It was said:

"Not only are such bargains void as against public policy, but official action based thereon ceases to be based solely upon the public welfare, and becomes tainted with some degree of private interest."

For the reasons suggested, we are of the opinion the complaint discloses that essential elements of a cause of action do not exist; that the defect cannot be remedied by amendment or aided by evidence. The judgment, therefore, is without the necessary foundation of a cause of action and must fall.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.