FRITZ, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 7—April 30, 1935.*

For the appellant the cause was submitted on the brief of *Eberlein & Larson,* attorneys, and *Ovid Strossenreuther* of counsel, all of Shawano.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

WICKHEM, J. The facts in this case are not in dispute. The defendant Upham & Russell Company, is a Wisconsin corporation, and on August 1, 1932, made a common-law assignment for the benefit of creditors, and in the usual form assigned the property of the corporation to the plaintiff as assignee. The assignment recites that the assignor has bargained, sold, and conveyed to the assignee all right, title, and interest in the property of the assignor, save only that exempt from levy and sale on execution, in trust, however, to take possession of the property, sell and convert the same into money, collect and get in all the assets, and to convert into money all debts, accounts, claims, and demands, and out of the proceeds to pay the claims against the corporation and reassign any balance to the assignor. The assignee is authorized by the assignment to continue the business to the end that liquidation may be prudently accomplished and the business retained as a going concern, if possible. It is provided that the assignee shall not be liable for errors in judgment, and shall be answerable only for his own defaults, and not for those of any person employed by him and selected with reasonable care. At the time of the assignment, Fritz was not in the employ of the assignor, but he assumed his duties as assignee, and in addition acted as clerk in the store at a wage of $25 a week, which wage he established. On February 2,

1933, plaintiff left the premises of the corporation to collect a bill, and slipped on a sidewalk, sustaining the injury for which compensation is now claimed. The commission held that plaintiff was not an employee under the act.

Two contentions are made by plaintiff. The first is that he was injured while performing services as a clerk, and that as clerk he was an employee. There are two answers to this. The first is that according to the terms of the assignment it was the duty of plaintiff as assignee to collect the debts owing to the corporation. The second is that if plaintiff is held to be the employer, he cannot sustain a relationship of employee to himself. Hence, plaintiff's appeal must stand or fall upon the validity of his second contention, which is that plaintiff, as assignee for the benefit of creditors, occupied a relationship of employee. If plaintiff was an employee, there must have been an employer, and by a process of elimination the employer must have been either the creditors, which is impossible in view of the fact that they were not parties to the contract, so far as his selection was concerned, or the assignor corporation, Upham & Russell Company, which selected him as trustee. The question whether a relationship of employer and employee existed depends upon the terms of the contract between the parties. The assignment is inconsistent with an intention to create such a relationship. The legal title to the assets of the corporation was vested in plaintiff. True, the legal title was impressed with a trust in favor of the creditors and the assignor, and the beneficial ownership of the property was not in plaintiff. He, however, did step into the shoes of the assignor. It was contemplated that he became an employer rather than an employee. A rider was attached to the liability policy in which he was added to the corporation as an insured employer. It is impossible to sustain the contention that he was an employee, and the fact that he was to have some compensation or commission makes no difference. Plaintiff cites a number of cases where offi-

cers of a corporation have also been employees. It is possible, as in *Columbia Casualty Co. v. Industrial Comm.* 200 Wis. 8, 227 N. W. 292, or *Zurich G. A. & L. Ins. Co. v. Industrial Comm.* 193 Wis. 32, 213 N. W. 630, or *Milwaukee Toy Co. v. Industrial Comm.* 203 Wis. 493, 234 N. W. 748, that one may be an officer or even have large holdings of stock in a corporation and still be an employee, if actually hired by the corporation. The existence of the corporate entity permits this relationship. Even in such cases, where the alleged employee owns practically all of the stock of the corporation, and has complete power to fix his own salary or his employment and duties, the court has held that a relationship of employer and employee does not exist between the employee and the corporation. *Leigh Aitchison, Inc., v. Industrial Comm.* 188 Wis. 218, 205 N. W. 806. It has been pointed out in the case of *Werner v. Industrial Comm.* 212 Wis. 76, 248 N. W. 793, that in order to be an employee one must have a superior under whose direction the work involved in the employment is to be done. Plaintiff had no such superior here. Subject only to direction by the court, or removal for incompetency or misconduct, and to the accounting which his trust relationship involved, he had complete control and in fact legal ownership of the business. He had no superior to direct him, and the very purpose of the assignment was to take the business out of the control of the former owner and place it in his control. He had no contract of employment or hire, and was not an employee.

Plaintiff relies upon *Hurst v. Hunley,* 81 Ind. App. 203, 141 N. E. 650. In that case Hunley had been appointed receiver of the Muren Coal Company, a corporation. For the purpose of operating the properties of the corporation, Hunley employed a general manager to have active supervision of the mines. This manager hired Hunley as a top boss. This position called for manual labor on the part of Hunley, and the accident which caused Hunley's death occurred while he

was engaged in this work. The question presented to the court was whether Hunley was an employee. It was held that since the work as top boss was completely outside of his duties as receiver, and since the general manager was vested with authority to hire laborers, Hunley was an employee. Whether this case is sound probably need not be determined here. Certainly, its facts are quite different from the situation here presented. Hunley was receiver of the corporation, and did not, by virtue of his appointment, supplant the corporation as the legal owner of the business. As an officer of the court, he merely supplanted the officers and directors in the control of the corporate affairs. The corporation still owned the mines and retained its capacity to be an employer. Since the general manager, by virtue of his appointment, could hire laborers on behalf of the corporation, Hunley, by reason of the exercise of this power, became an employee, not of himself but of the corporation. In addition to this, there is the distinction that Hunley's work was wholly dissociated from his duties as receiver, and that he had a superior under whose direction the work was done. Whether these last two factors would be enough to sustain the case had Hunley been assignee for benefit of creditors, we do not find it necessary to determine.

*By the Court.*—Judgment affirmed.