PHANEUF, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*February 6—March 3, 1953.*

For the appellant there was a brief by *Crawford, Crawford & Cirilli* of Superior, and oral argument by *Brandon E. Crawford.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

GEHL, J.   The principal test for determining whether the relationship of employer and employee exists is whether the alleged employer has the right to control the details of the other's work. *Hume v. Industrial Comm.* (1945), 248 Wis. 5, 20 N. W. (2d) 573; *Thurn v. La Crosse Liquor Co.* (1951), 258 Wis. 448, 46 N. W. (2d) 212; *Fritz v. Industrial Comm.* (1935), 218 Wis. 176, 260 N. W. 459.   The arrangement between the partnership and the town contemplated that the town's officers were to participate in the undertaking only to the extent that they would designate the portion of the highway upon which the work was to be performed and that the town would compensate the partnership at the rate of $7.50 per hour.

The work was to be done at the convenience of the partnership and in the manner chosen by its members.   The town was not interested in the manner of performance; it appears to have been interested only in the ultimate result, that is, that the roadway be cleared of trees which had interfered with the removal of snow.   Under these circumstances the relationship of employer and employee does not exist.   *Medford L.*

*Co. v. Industrial Comm.* (1928), 197 Wis. 35, 221 N. W. 390. The situation is similar to that which appeared in *Plencner v. Industrial Comm.* (1946), 249 Wis. 370, 24 N. W. (2d) 669, where the city of Wautoma engaged Plencner to repair a sewer. The court, in sustaining the finding of the commission that Plencner was an independent contractor said (p. 373):

"We are unable to agree with counsel that Moon [street commissioner] had control of the details of the work. He had general supervision to see that the sewer was opened, but at best he had only general knowledge of what was necessary to be done in order to accomplish this end. When he went to Plencner to employ him, Plencner informed him it would be necessary to hire men to do the digging, which Moon proceeded to do. When the men started to dig Plencner was called to instruct the men how to shore or curb the opening, and when the opening was completed Plencner returned and opened the sewer and proceeded to clean out the roots and replace the necessary pipes. Plencner did this as a skilled plumber and not under the directions of Moon, who had no knowledge of how this work was to be done."

We may in this case take notice of the fact that the Phaneufs were to work as skilled operators of a bulldozer. It does not appear that the town's officers had knowledge of how the work was to be done or that they assumed or reserved the right to control its details.

The plaintiff relies upon our decision in *Gant v. Industrial Comm.* (1953), ante, p. 64, 56 N. W. (2d) 525, as supporting her contention that an employer-employee relationship existed, and cites Robert Hendrickson's testimony in the *Gant Case*, "Well, I took it upon myself to go over there, and Gant told me what to do and where to do it." Plaintiff argues that Gant exercised no more control in that case than did Aistad, the town chairman, in the instant case. Plaintiff overlooks the fact that when Hendrickson was ready to start picking the field of corn on Gant's farm, Gant directed him

to start in the middle of the field, an act which indicated that Gant had the right to control the details of the doing of the work. On the other hand, Aistad's actions in the instant case were such as to indicate that after pointing out to Russell the trees to be bulldozed, Russell was to go ahead and do it at his own convenience without further direction from the town.

There is credible evidence to sustain the commission's finding.

*By the Court.*—Judgment affirmed.