Krause, Plaintiff and Respondent, vs. Western Casualty
& Surety Company and another, Defendants and Appellants: Badger Mutual Insurance Company and another, Defendants and Respondents.

*January 6—February 4, 1958.*

For the appellants there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondent Henry Krause there was a brief by *Curran & Curran* of Mauston, and oral argument by *Charles P. Curran*.

For the respondents Badger Mutual Insurance Company and Arnold J. Berendsen there was a brief by *Engelhard, Snodgrass & Goerdt* of La Crosse, and oral argument by *Lawrence M. Engelhard*.

For the respondent Arnold J. Berendsen, individually, there was a brief by *McAndrews & Melli* of Madison, and oral argument by *Joseph A. Melli*.

CURRIE, J. It is the contention of the appellant Insurance Company on this appeal that the uncontroverted facts, which are set forth in the affidavits considered by the trial court in passing on the motion for summary judgment, established that the plaintiff was entitled to workmen's compensation benefits for his injuries, and, therefore, the exclusion clause of Western's policy was effective to bar any action on such policy by the plaintiff.

The order appealed from, which denied Western's motion for summary judgment, grounded such denial upon the following two grounds:

(1) That the affidavits in support of the motion for summary judgment "are lacking in evidentiary facts to support said motion and are deficient in failing to comply with the requirements of the summary-judgment statute;" and

(2) That "the plaintiff was not within the scope of his employment at the time of the accident . . . and was not performing any service for his employer at the time of said accident."

The summary-judgment statute referred to in the order is sec. 270.635, Stats. Such statute requires that, if a defendant moves for summary judgment, an affidavit be filed by him setting forth "such *evidentiary facts* . . . as shall show that his denials or defenses are sufficient to defeat the plaintiff," together with his affidavit *"that the action has no merit."*

Western filed several affidavits in support of its motion for summary judgment, but none of these contained the required statutory averment that plaintiff's action against Western *"has no merit."* While the complaint alleged that at the time of the accident the plaintiff was an employee of the defendant copartners, Ronald A. Thompson and Norman Thompson, the crucial issue on the motion for summary judgment was whether the plaintiff was then in the course of his employment. The affidavit filed by Western which bore directly on this issue was that of Ronald A. Thompson. Such affidavit stated among other things that the two Thompsons were brothers engaged as copartners in operating a lumber business at Tomah under the firm name of Thompson Bros. Lumber Company. It also stated that at the time of the accident the plaintiff was "in the course of his employment for his employer, Thompson Bros. Lumber Company," without setting forth any evidentiary facts to establish that this was so.

Although a statement that an employee at a particular time was in the course of his employment for his employer constitutes a statement of an ultimate fact which would be proper in a pleading, it falls far short of complying with that part of sec. 270.635, Stats., which requires that the affidavit to be filed by the party moving for summary judgment shall state "evidentiary facts."

This court in *Fuller v. General A. F. & L. Assur. Corp.* (1937), 224 Wis. 603, 610, 272 N. W. 839, held that it is

a *"condition precedent"* to entering a summary judgment in behalf of a defendant that the statutory requirements, with respect to setting forth evidentiary facts in the supporting affidavit and stating that the action has no merit, be complied with. Therefore, the trial court properly denied Western's motion for summary judgment on the ground of its failure to comply with sec. 270.635, Stats., in these two respects.

However, in both *Fuller v. General A. F. & L. Assur. Corp., supra,* and the later case of *Townsend v. La Crosse Trailer Corp.* (1950), 256 Wis. 609, 42 N. W. (2d) 164, it was held that, where the affidavits filed by the defendant in support of a motion for summary judgment are defective in failing to state evidentiary facts and to aver that the action has no merit, such defendant should be granted leave to renew the motion upon affidavits which comply with the statute. It is for this reason that we deem it our duty to pass upon the second ground upon which the trial court denied summary judgment, viz., that the plaintiff at the time of the accident was not within the scope of his employment and was not performing any service for his employer.

In *Butler v. Industrial Comm.* (1953), 265 Wis. 380, 383, 61 N. W. (2d) 490, it was pointed out that the Wisconsin Workmen's Compensation Act does not require that an injury, in order to be compensable under the act, be "within the scope of employment," but only that at the time thereof the employee be performing service *"growing out of and incidental to his employment."* Sec. 102.03 (1) (c), Stats. It is conceivable that an employee at the time he sustained injury might not be strictly within the scope of his employment and yet be engaged in some undertaking which grew out of and incidental to his employment.

While the affidavits filed in behalf of Western failed to set forth evidentiary facts bearing on the issue, of whether the plaintiff at the time of the accident was performing service growing out of and incidental to his employment, the op-

posing affidavits on the part of the plaintiff did do so. The material facts bearing on this issue are undisputed.

The copartnership, Thompson Bros. Lumber Company, had several persons in its employ on the day of the accident, including the plaintiff, and such employer had in force a policy of insurance which insured its liability under the Workmen's Compensation Act. On the morning of the accident the plaintiff and several fellow employees were working as carpenters in erecting an office building for the copartnership. About 9:30 a. m., Ronald A. Thompson told these employees that he was going to drive his car over to a nearby restaurant for coffee and asked if they would like to go along. The plaintiff and three fellow employees accepted such invitation and accompanied Ronald A. Thompson in his car on such trip to the restaurant for coffee. The collision, which resulted in plaintiff's injury, occurred while on the way to such restaurant. Similar coffee breaks had been taken from time to time during plaintiff's employment by the copartnership but it was entirely optional with the plaintiff whether he would go for a cup of coffee or remain on the job. On past occasions when the plaintiff had taken advantage of such a coffee break he had paid for his own coffee. The plaintiff was paid for his time while on such coffee breaks.

This court is committed to the "personal comfort" doctrine in construing our Workmen's Compensation Act. *American Motors Corp. v. Industrial Comm.* (1957), 1 Wis. (2d) 261, 265, 83 N. W. (2d) 714. In our opinion in that case we cited with approval a quotation from 1 Larson, Law of Workmen's Compensation, p. 297, sec. 21.00, that employees who, within the limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of their employment. Many prior Wisconsin cases are cited in the *American Motors Corp. Case* wherein it was held that an employee, who was injured while doing

some act not prohibited which was necessary or convenient to his own personal health or comfort, was entitled to receive workmen's compensation benefits therefor. In none of these cases was such employee actually performing work at the time of injury. The act of drinking a cup of coffee during the hours of employment is certainly one that ministers to the personal comfort of an employee. Therefore, in the instant case, the fact that the plaintiff was not actually wielding a hammer or a saw at the time of injury is wholly immaterial.

The crucial question is whether the fact, that the plaintiff was off the premises of his employer at the time the accident occurred, caused him to be without the course of his employment within the meaning of sec. 102.03 (1) (c), Stats. Counsel for the respondents contend that it did have such effect and rely upon the second sentence of such statute which reads as follows:

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, or while in the immediate vicinity thereof if the injury results from an occurrence on the premises, shall be deemed to be performing service growing out of and incidental to his employment; . . ."

It is obvious from the phraseology employed in such quoted sentence that, instead of restricting the rights employees would have independently thereof, it enlarges such rights. Without such provision the course of employment would not begin until the commencement of the hours of work for which the employee would be entitled to be paid. The general rule, therefore, is that an employee going to or from work is not in the course of his employment while off the premises of the employer. However, an exception to this rule is generally recognized where the employee's compensation covers the time involved in going to or from his work, or an allowance is made for the cost of transportation. Anno. 87

A. L. R. 250; and 1 Larson, Law of Workmen's Compensation, p. 227, sec. 16.20. Such exception is also applicable in the case of paid lunch periods where the employee leaves the premises of his employer to obtain such lunch. See *Shoemaker v. Snow Crop Marketers Division* (1953), 74 Idaho, 151, 258 Pac. (2d) 760, in which there is an extensive review of the authorities on this point.

If an employee is deemed to be in the course of his employment during a paid lunch period in going to and from his employer's premises, then the leaving of such premises to enjoy an authorized and paid coffee break would stand in the same category. We quote from 1 Larson, Law of Workmen's Compensation, p. 216, sec. 15.52, as follows:

"Similarly, just as an employee who is paid during his going and coming trip is deemed to be in the course of employment for that reason, so a claimant who was paid during the time taken out for lunch or coffee may be given the benefit of the same conclusion."

However, merely because an employer permits an employee to leave the former's premises without deduction of pay for the time consumed while away from the job, does not in itself establish that the employee is then in the course of his employment. If the venture is merely to enable the employee to perform some errand of his own, which does not directly tend to add to his personal comfort while on the job, he would not be in the course of his employment while off his employer's premises performing such errand.

There is another fact, in addition to the one that the plaintiff was being paid for the time consumed in taking advantage of the coffee break, which caused him to be in the course of his employment at the time of the accident. This further fact is that the employer provided the transportation to and from the restaurant where the coffee was to be obtained. *Rock County v. Industrial Comm.* (1924), 185 Wis. 134, 138, 200 N. W. 657; *Selmer Co. v. Industrial Comm.*

(1953), 264 Wis. 295, 297, 58 N. W. (2d) 628; and Samuel B. Horovitz, Current Trends in Workmen's Compensation, p. 677, and cases cited in footnote No. 535 thereof.

We deem the case of *Ohrmund v. Industrial Comm.* (1933), 211 Wis. 153, 246 N. W. 589, to be contra to the rule laid down in the *Rock County* and *Selmer Co. Cases,* as well as the weight of authority in other jurisdictions. In the *Ohrmund Case* an employee during overtime work was permitted by the employer to take the latter's car to obtain a quick lunch, and this court reversed both the industrial commission and the circuit court, which had held that the employee was in the course of employment when injured on his return trip from lunch. The result in the *Ohrmund Case* is severely criticized in a footnote in 1 Larson, Law of Workmen's Compensation, p. 216, sec. 15.52. We consider the correct rule to be that, where the employer provides the transportation for an employee going to and from work and such employee is injured while making use of such transportation for such purpose, such injury occurs while the employee is in the course of his employment. Therefore, we expressly overrule the holding to the contrary in *Ohrmund v. Industrial Comm., supra.*

Cases in which employees have been held to be in the course of their employment while away from the premises of the employer for the purpose of a coffee break, and, therefore entitled to workmen's compensation benefits for injuries incurred while engaged in such venture, are: *United States Fidelity & Guaranty Co. v. Croft* (1955), 93 Ga. App. 114, 91 S. E. (2d) 110; *Caporale v. Dept. of Taxation* (1956), 2 App. Div. (2d) 91, 153 N. Y. Supp. (2d) 738, affirmed by the New York court of appeals in a memorandum opinion, 2 N. Y. (2d) 946, 142 N. E. (2d) 213; *Biagi v. United States* (D. C. Cal. 1953), 115 Fed. Supp. 697; and *In the Matter of Gunderson* (1954), Docket No. 54–36, Employees' Compensation Appeals Board, United States

Dept. of Labor (petition for reconsideration denied April 13, 1955). As in the instant case, the employee in *Biagi v. United States, supra,* was injured during a coffee break while a passenger in an automobile. On the other hand, the cases of *Callaghan v. Brown* (1944), 218 Minn. 440, 16 N. W. (2d) 317, and *Salmon v. Bagley Laundry Co.* (1955), 344 Mich. 471, 74 N. W. (2d) 1, hold that an employee who is injured during a coffee break is without the course of the employment and not entitled to recover workmen's compensation benefits for such injuries.

In *Callaghan v. Brown,* the employee, with the acquiescence of the employer, was in the habit of going across the street for a morning cup of coffee during time paid for by the employer. While crossing the street for such purpose he was struck by an automobile and killed. The Minnesota court denied workmen's compensation benefits to the widow. The rationale of the decision appears in the following extract therefrom (218 Minn. at p. 441, 16 N. W. (2d) at p. 318):

"He was where he was solely in furtherance of his own personal desires and accommodation. There was no causal connection between his employment and the exposure to the risks which caused his death. He did not fall within any of the special exceptions which extend the coverage of the compensation law. He was not a traveler in the course of his employment, nor did he have any mission of the employer to fulfil in connection with his personal errand. The performance of his duties to his employer did not require him to go upon the street."

The foregoing reasoning would be equally applicable to an employee crossing the street from his place of employment during compensated working hours to get a drink of water, or go to a toilet, when such facilities were not available on the employer's premises. It ignores entirely the "personal comfort" doctrine applied by this court in *American Motors Corp. v. Industrial Comm., supra.*

A divided Michigan court in *Salmon v. Bagley Laundry Co., supra,* denied recovery of workmen's compensation benefits to a female laundry employee who slipped on the icy front steps of the laundry in returning from a near-by restaurant where she had gone for coffee. The employer consented to the employee taking such coffee break without deduction in wages. The reason advanced in the majority opinion for such denial of benefits was that the injury occurred during a rest period when the employer had no right to control the employee's actions. The right of control is a proper test to apply in determining whether an employer-employee relationship, or one of independent contractor, exists. *Phaneuf v. Industrial Comm.* (1953), 263 Wis. 376, 378, 57 N. W. (2d) 406. However, once an employer-employee relationship is established and the employee is being paid for the time during which he incurs an injury, the right of control of the employer is immaterial in determining whether the employee at the time of the accident was in the course of his employment. The Massachusetts court in *Kubera's Case* (1946), 320 Mass. 419, 69 N. E. (2d) 673, rejected such test of control in holding that injury to an employee, which occurred during a ten-minute rest period, arose out of the employment. In *American Motors Corp. v. Industrial Comm., supra,* this court held that an employee, who was injured while resting on the employer's premises during an uncompensated noon lunch hour, was in the course of his employment and that the injury arose out of his employment. The employer had no right of control over such employee during such lunch hour.

The test of control is utterly incompatible with the "personal comfort" doctrine which has so many times been applied by this court in workmen's compensation cases. Once an employee has entered into the course of his employment, the test to be applied in determining whether he has removed himself therefrom is that of deviation. In other words, has

the employee engaged in some activity of his own which has no relation to his employer's business? An act which ministers to the employee's comfort while on the job is not such deviation because it is incidental to, and not wholly apart from, the employment. For a type of deviation which does remove an employee from the course of his employment, see *Kosteczko v. Industrial Comm.* (1953), 265 Wis. 29, 60 N. W. (2d) 355.

Professors John V. Thornton and Harold F. McNiece, in an article in 32 New York University Law Review, 312, 333, comment on the contrasting results reached by the New York and Michigan courts in *Caporale v. Dept. of Taxation, supra,* and *Salmon v. Bagley Laundry Co., supra.* We quote in part from such comment as follows (p. 333):

"The New York view appears to be more consonant with the principle that workmen's compensation acts should be liberally construed in favor of the injured employee. Presumably the practice of having a 'coffee break' is in part for the benefit of the employer, as well as for the benefit of the employee, and it hardly seems reasonable to regard such a brief pause in the day's occupation as an interruption of employment."

It is, therefore, our considered judgment that the plaintiff in the instant case was at the time of the accident performing service for his employer growing out of and incidental to his employment within the meaning of sec. 102.03 (1) (c), Stats.

On this appeal it is intimated that Western may have precluded itself from raising as a defense the exclusion clause in its policy by reason of having filed an SR–21 with the motor vehicle department. This issue was not raised by affidavit before the trial court and it is entirely without the scope of this appeal.

The order appealed from should be modified by striking therefrom the words "and the court further finds that the plaintiff was not within the scope of his employment at the

time of the accident involved in this action and was not performing any service for his employer at the time of said accident;" and by adding thereto a provision granting to Western the right to renew its motion for summary judgment upon filing proper affidavits.

*By the Court.*—The order appealed from is modified in the manner set forth in the last paragraph of the opinion, and as so modified, is affirmed. No costs shall be taxed on this appeal, the appellant to pay the clerk's fees.