KRAUSE, Plaintiff and Respondent, v. WESTERN CASUALTY & SURETY COMPANY and another, Defendants and Appellants: BADGER MUTUAL INSURANCE COMPANY and another, Defendants and Respondents.

*March 3—April 7, 1959.*

For the appellants there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondent Henry Krause there was a brief by *Curran & Curran* of Mauston, and oral argument by *Charles P. Curran*.

For the respondents Badger Mutual Insurance Company and Arnold J. Berendsen there was a brief by *Engelhard, Snodgrass & Goerdt* of La Crosse, and oral argument by *Lawrence M. Engelhard*.

BROWN, J.   This case was before us on an earlier appeal in which we affirmed an order denying defendant Western Casualty & Surety Company's motion for summary judgment. *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. (2d) 61, 73, 87 N. W. (2d) 875. From the facts then at hand in the pleadings and affidavits presented in the first appeal we concluded that "plaintiff in the instant case was at the time of the accident performing service for his employer growing out of and incidental to his employment within the meaning of sec. 102.03 (1) (c), Stats." *Krause Case, supra,* page 73. Sec. 102.03 (2), Stats., makes workmen's compensation the exclusive remedy of an injured employee against his employer where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. Plaintiff's complaint alleged that at the time of the accident plaintiff was employed by Thompson and that Thompson was acting as the employer when it

occurred. Thompson's answer and Western's affidavit made similar allegations. Those facts being properly established, no liability in tort would attach to Thompson. But the affidavit of Western did not conform to the requirements of the summary-judgment statute, sec. 270.635. See *Krause Case, supra,* page 65. We affirmed the denial of the motion for summary judgment but remanded the cause granting Western permission to renew its motion upon filing proper affidavits.

After we returned the record to the trial court the present appellants filed affidavits designed to cure the defects indicated by our opinion in 3 Wis. (2d) 61, 87 N. W. (2d) 875. For the purposes of the present appeal we assume that the cure has been complete. However, while appellants were so doing, the plaintiff saw the error of his ways and, with permission of the trial court, plaintiff amended his complaint in which he eliminated the allegations of his original complaint which stated that plaintiff was Thompson's employee and the latter was acting as employer at the time of the accident. Plaintiff also filed affidavits in opposition to appellants' motion for summary judgment in which plaintiff set forth evidentiary facts to establish the ultimate fact that at the time of the accident plaintiff was not engaged in performing service for his employer growing out of and incidental to his employment.

Upon the pleadings and affidavits now before the trial court it denied appellants' motion for summary judgment.

Appellants first contend that the trial court violated our mandate in the first appeal by permitting plaintiff to amend his complaint and to file new affidavits in opposing appellants' motion. Our mandate did not foreclose the trial court from exercising the usual discretion enjoyed by trial courts in the entertainment of amendments to pleadings and affidavits nor did we intend to do so. Their acceptance now was within the court's discretion.

As the pleadings and affidavits now stand, the plaintiff has taken inconsistent and perhaps embarrassing positions in his employment status but the truth of either version is a matter for the trier of the fact and upon it the liability in tort may depend. The power of the courts under the summary-judgment statute is drastic and should be applied only where it is perfectly plain that there is no substantial issue to be tried. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697. Other issues are raised by the contesting parties but it is plain that a very substantial issue for trial is presented in the question of whether the facts do or do not present an injury which occurred when plaintiff was performing service for his employer growing out of or incidental to his employment within the meaning of sec. 102.03 (1) (c), Stats. This issue, without any other, requires denial of a motion for summary judgment. We do not examine additional issues raised by the parties since their determination cannot affect the result of the motion.

*By the Court.*—Order affirmed.

HALLOWS, J., took no part.